**FILED**

JUL 11 2008

Clerk, U.S. District and
Bankruptcy Courts



**VIA FASCIMILIE AND FEDERAL EXPRESS**

July 11, 2008

Chris Meisinger
midPhase
223 W. Jackson Blvd.
Suite 1014
Chicago, IL 60606

Case: 1:08-mc-00458
Assigned To : Unassigned
Assign. Date : 7/11/2008
Description: Miscellaneous

Dear Mr. Meisinger:

I am contacting you on behalf of the Recording Industry Association of America, Inc. (RIAA) and its member record companies. The RIAA is a trade association whose member companies create, manufacture and distribute approximately ninety (90) percent of all legitimate sound recordings sold in the United States.

We have determined that a user of your system or network has infringed our member record companies' copyrighted sound recordings.

Enclosed is a subpoena compliant with the Digital Millennium Copyright Act. The subpoena requires that you provide the RIAA with information concerning the individual offering infringing material described in the attached notice.

As is stated in the attached subpoena, you are required to disclose to the RIAA information sufficient to identify the infringer. This would include the individual's IP address and e-mail address.

Thank you for your cooperation in this matter. If you have any questions please feel free to contact me via email at antipiracy@riaa.com, via telephone at (202) 775-0101, or via mail at RIAA, 1025 F Street N.W., 10th Floor, Washington, D.C., 20004.

Sincerely,

Mark McDevitt
Vice President, Online Anti-Piracy
RIAA

Fee Pd
$39.⁰⁰

RECORDING INDUSTRY ASSOCIATION OF AMERICA
1025 F STREET, NW, 10TH FLOOR, WASHINGTON, DC 20004
PHONE 202 775 0101   FAX 202 775 7253   WEB www.riaa.com



**VIA FASCIMILIE AND FEDERAL EXPRESS**

July 11, 2008

Chris Meisinger
midPhase
223 W. Jackson Blvd.
Suite 1014
Chicago, IL 60606

RE:   http://phim88.com/online/xem-phim-view-88-1308.html

Dear Mr. Meisinger:

I am contacting you on behalf of the Recording Industry Association of America, Inc. (RIAA) and its member record companies. The RIAA is a trade association whose member companies create, manufacture and distribute approximately ninety (90) percent of all legitimate sound recordings sold in the United States. Under penalty of perjury, we submit that the RIAA is authorized to act on behalf of its member companies in matters involving the infringement of their sound recordings, including enforcing their copyrights and common law rights on the Internet.

We have learned that your service is hosting the above referenced website on your network. This site offers unauthorized recordings by the artist known as Paris By Night. The above-described activity is not authorized by the copyright owner, its agent, or the law. We assert that the information in this notification is accurate, based upon the data available to us.

We are asking for your immediate assistance in stopping this unauthorized activity. Specifically, we request that you remove or disable access to the site, and that you inform the site operator of the illegality of his or her conduct.

This letter does not constitute a waiver of any right to recover damages incurred by virtue of any such unauthorized activities, and such rights as well as claims for other relief are expressly retained.

You may contact me at RIAA, 1025 F Street N.W., 10th Floor, Washington, D.C., 20004, Tel. (202) 775-0101, or e-mail antipiracy@riaa.com, to discuss this notice. Thank you for your attention in this matter.

Sincerely,

Mark McDevitt
Vice President, Online Anti-Piracy
RIAA

# DECLARATION OF MARK MCDEVITT

THE DISTRICT OF COLUMBIA    ) s.s.:

I, Mark McDevitt, the undersigned, declare that:

1. I am a Vice President, Online Anti-Piracy for the Recording Industry Association of America, Inc. (RIAA). The RIAA is a trade association whose member companies create, manufacture or distribute sound recordings. The RIAA is authorized to act on its member companies' behalf on matters involving the infringement of their copyrighted video and sound recordings.

2. The RIAA is requesting the attached proposed subpoena that would order midPhase disclose the identity, including IP address, of the user operating at the following URL:

http://phim88.com/online/xem-phim-view-88-1308.html

3. The purpose for which this subpoena is sought is to obtain the identity of the individuals assigned to this URL who have reproduced and have offered for distribution our members' copyrighted sound recordings without their authorization. This information will only be used for the purposes of protecting the rights granted to our members, the sound recording copyright owner, under Title II of the Digital Millennium Copyright Act.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information or belief.

Executed at Washington, District of Columbia, on July 11, 2008.

Mark McDevitt

Issued by the

# United States District Court

DISTRICT OF _____Columbia_____

Recording Industry Association
Of America, Inc.

vs

SUBPOENA IN A CIVIL CASE

midPhase
223 W. Jackson BLVD
Suite 1014
Chicago, IL 60606

Misc. Case No. 08-mc-458

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Information sufficient to identify the alleged infringer, including Internet Protocol address and e-mail address of the sound recordings described in the attached notification:
URL address:
http://phim88.com/online/xem-phim-view-88-1308.html

| PLACE    Recording Industry Association of America, Inc.<br>1025 F St. NW, 10th Floor<br>Washington, DC 20004 | DATE AND TIME<br>10 calendar days from date of service |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR Plaintiff or Defendant)<br>NANCY M. MAYER-WHITTINGTON<br>/s/ Katie L. Brown | DATE<br>7/11/2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Clerk's Office
United States District Court for the District of Columbia
United States Courthouse
Washington, D.C. 20001

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | Date | Place | |
|---|---|---|---|
| SERVED ON (Print Name) | | | Manner of Service |
| SERVED ON (Print Name) | | | Title |

## DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             Date

_____
Signature of Server

_____
Address of Server

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

   (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees

   (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

   (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

      (i)  fails to allow reasonable time for compliance;

      (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii)  requires disclosure or privileged or other protected matter and no exception or waiver applies, or

      (iv)  subjects a person to undue burden

   (B)  If a subpoena

      (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d)  DUTIES IN RESPONDING TO SUBPOENA

   (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it.

(i)   fails to allow reasonable time for compliance;

(iv)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(v)

(iii)   requires disclosure or privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

(3)  (iii)   requires disclosure or privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim